UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADAM P.,<br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, COMMISSIONER<br>OF SOCIAL SECURITY,[1]<br>    Defendant. | No. 3:21-cv-1267 (SRU) |

**ORDER ON MOTION FOR ATTORNEYS' FEES**

Attorney Russell Zimberlin represented Adam P.[2] ("plaintiff") in an this action appealing the Social Security Administration's decision denying the plaintiff's claim for disability benefits. *See* Compl., Doc. No. 1. A consent motion to reverse and remand for additional development of the record was filed on December 14, 2021, which I granted. *See* Doc. Nos. 12, 13. Judgment entered on December 20, 2021. *See* Doc. No. 14.

On January 3, 2022, the defendant filed a joint motion for attorney fees under the Equal Access to Justice Act ("EAJA"), stipulating to an award of $890.16. *See* Doc. No. 15. On January 5, 2022, this Court entered an order granting the joint motion for attorneys' fees and awarding attorneys' fees in the amount of $890.16 under the EAJA. Doc. No. 16.

On January 3, 2023, Attorney Zimberlin filed a motion for attorneys' fees under section 406(b), and asked that the Court hold the motion in abeyance pending ruling of the Commissioner on his pending request under 42 U.S.C. § 406(a) for fees for work performed

---

[1] On December 20, 2023, Martin O'Malley replaced Kilolo Kijakazi as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to substitute Martin O'Malley for Kilolo Kijakazi in this action.

[2] Pursuant to the U.S. District of Connecticut Standing Order on Social Security Cases, the plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

before the agency. *See* Doc. No. 17. On January 3, 2024, Attorney Zimberlin filed an amended motion for attorneys' fees, requesting an order approving attorneys' fees in the amount of $4,389.50. *See* Doc. No. 23. The Commissioner takes no position on the amended request for attorneys' fees. *See* Doc. No. 24, at 2.

**I.      Standard of Review**

Section 406(b)(1) of the Social Security Act provides, in part, that "[w]henever a court renders a judgment favorable to a [counseled] claimant" under the Social Security Act, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Attorneys' fee awards under section 406(b) are paid directly out of the plaintiff's past benefits in accordance with the terms of a contingency agreement. *Id.*; *see Walls v. Comm'r of Social Security*, 2020 WL 3026462, at *1 (D. Conn. June 5, 2020).

Requests for section 406(b) fees must be both timely and reasonable. In determining whether a section 406(b) application is timely, the Second Circuit has instructed courts to apply Rule 54's fourteen-day deadline, "but 'the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award.'" *Bukilici v. Saul*, 2020 WL 2219184, at *2 (D. Conn. May 7, 2020) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019)).

In assessing whether the requested fee is reasonable, the Second Circuit has instructed courts to consider two factors in addition to the statutory 25-percent cap: "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 372 (2d Cir. 1990). It is the "attorney for the successful claimant" who "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).

If a counsel receives fees pursuant to both the EAJA, 28 U.S.C. § 2412, and section 406(b), counsel is to "refund[] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985); *see also Gisbrecht*, 535 U.S. at 789.

## II.     Discussion

### A.   Timeliness

The plaintiff's initial motion for attorneys' fees was filed on January 3, 2024. *See* Doc. No. 17. Attached to that motion is the plaintiff's Notice of Change in Benefits, which is dated December 25, 2022. *See* Doc. No. 17-3. The motion was therefore filed nine days after the receipt of the notice of the amount of the benefits award. Because Attorney Zimberlin filed the motion within fourteen days after the claimant received notice of the amounts of any benefits awarded, the motion is timely under Rule 54. *See Sinkler*, 932 F.3d at 91 ("[T]he fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation.").

### B.   Reasonableness

In this case, the fee agreement between the plaintiff and Attorney Zimberlin contemplates a contingent fee of twenty-five percent of all past-due benefits for any successful appeals, which is equivalent to the statutory cap. *See* Doc. No. 17-5; 42 U.S.C. § 406(b)(1)(A). The Social Security Administration previously approved a fee of $7,088.03 for work Attorney Zimberlin performed at the administrative level pursuant to section 406(a),[3] a reduction from the $11,477.53 originally requested. *See* Doc. No. 23-2. Attorney Zimberlin now seeks the remaining balance of $4,4389.50 for work performed before this court. *See* Doc. No. 23-1, at 1.

---

[3] The Social Security Act's fee provisions "deal[] with the administrative and judicial review stages discretely: [section] 406(a) governs fees for representation in administrative proceedings; [section] 406(b) controls fees for representation in court."

Attorney Zimberlin states, without citation, in his amended motion that "25% of past-due benefits was $11,477.53." *See* Doc. No. 23-1, at 1 n.2. It is difficult for the Court to corroborate that statement because none of the exhibits submitted by the plaintiff explicitly states the amount of past-due benefits that were awarded to the plaintiff. Additionally, the December 25, 2022 Notice of Change in Benefits letter advised the plaintiff that the agency "usually withhold[s] 25 percent of past-due benefits in order to pay the approved representative's fee," and withheld in this case "$7,088.03 from [the plaintiff's] past-due benefits." Doc No. 17-3, at 3. It is therefore unclear whether the 25 percent of the total past-due benefits was $11,477.53, as Attorney Zimberlin represents, $7,088.03, which the agency withheld and has now already approved as a fee for his work at the agency level, or some other number in between. Nonetheless, section 406 does not limit the *aggregate* fees awarded under subsections (a) and (b) to 25 percent of past-due benefits, but rather "the 25% cap in [section] 406(b)(1)(A) applies only to fees for court representation." *Culbertson v. Berryhill*, 586 U.S. 53, 523 (2019). In the absence of a fee agreement between the claimant and their representative for work at the agency level, section 406(a) permits the agency to approve any "reasonable" fee to an attorney for a successful claimant, even if it exceeds the 25 percent of past-due benefits that it can withhold for direct payment. *Id.* at 62.

Here, the fee agreement between the plaintiff and Attorney Zimberlin, by its terms, pertains only to representation in federal court. *See* Doc. No. 17-5. The fee now requested for representation in court, $4,389.50, when compared to the amount withheld by the agency, appears to be below section 406(b)'s statutory cap and therefore also below the amount agreed to in the fee agreement. *Id.* (agreeing to a fee of 25% of past-due benefits).

Turning to the second and third reasonableness factors, I must consider whether there was any fraud or overreach, and whether the requested amount is "so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372. Neither party has reported any fraud or overreach, and I have not otherwise found any indication thereof. Regarding whether there is a windfall, I must consider "more than the de facto hourly rate." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). The Second Circuit has therefore outlined three additional factors that should inform a court's determination of a windfall. First, "the ability and expertise of the lawyers and whether they were particularly efficient." *Id*. Second, "the nature and length of the professional relationship with the claimant," which "can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id*. at 855 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, the court should consider "the satisfaction of the disabled claimant"; and, fourth, "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id*. at 855. A review of the fee itemization submitted by Attorney Zimberlin shows that he spent 4.4 hours on this case, and he seeks payment at an hourly rate of $997.61. *See* Doc. No. 17-4; Doc. No. 23-1, at 2. Despite being a relatively high hourly rate, this is not more than other courts have found is reasonable. *See* Doc. No. 23-1, at 3 (citing cases). Moreover, because of counsel's expertise, the length of his relationship with the plaintiff, and the ultimate satisfaction of the plaintiff, I conclude that the requested amount is reasonable and not "so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372.

Accordingly, I **grant** the plaintiff's amended motion, doc. no. 23, and I approve Attorney Zimberlin's request for an award of **$4,389.50** in attorneys' fees under section 406(b).

    C. <u>Previous EAJA Award</u>

On January 5, 2022, I awarded the plaintiff $890.16 in attorneys' fees pursuant to the EAJA. *See* Doc. No. 16. Accordingly, because the $4,389.50 in attorneys' fees I award now exceeds the amount awarded previously, the plaintiff counsel is **ordered** to return the EAJA award to his client. *See Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [counsel] to return the lesser of either that amount or the EAJA award to his clients.").

**III.**   **Conclusion**

For the foregoing reasons, the plaintiff's amended motion for 406(b) fees, doc. no. 23, is **granted**. The plaintiff's counsel is awarded **$4,389.50** in attorneys' fees. Additionally, the plaintiff's counsel is ordered to return the EAJA award previously ordered, *see* doc. no. 16, to his client.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of July 2024.

                                                                         /s/ STEFAN R. UNDERHILL
                                                                         Stefan R. Underhill
                                                                         United States District Judge